UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

ERIK M. UNDERWOOD, a Colorado citizen
and resident and MY24HOURNEWS.COM, INC.,
a Colorado corporation

Plaintiff,

v.

BANK OF AMERICA CORPORATION, a Delaware corporation

Defendant.

_____

**VERIFIED COMPLAINT AND JURY DEMAND**
_____

Plaintiffs, Erik M. Underwood ("Underwood") and My24HourNews.Com, Inc. ("My24"), by

and through his undersigned counsel, hereby submits this Verified Complaint against Bank of

America Corporation (the "Defendant").

**I.  PARTIES**

1.      Underwood is a citizen and resident of the State of Colorado.

2.      My24 is a Colorado corporation.

3.       The Defendant is a Delaware corporation with its primary place of business at the

Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina 28255.

4.      The Defendant can be served through its registered agent, The Corporation Trust

Company, 1209 Orange Street, Corporation Trust Center, Wilmington, DE 19801.

682692

## II.  JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1338, as this matter seeks the cancellation of the Defendant's United States Patent and Trademark registration, involves a federal question and arises under Acts of Congress relating to trademarks and unfair competition.

6.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), this matter involving a civil action between citizens of different states and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

7.      Personal jurisdiction is proper in Colorado as the Defendant transacts business in Colorado.  Indeed, the Defendant is the second largest banking institution in the United States and has numerous customers and locations in Colorado including at 216 16th Street Mall, Denver, CO 80202.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) as personal jurisdiction is proper in Colorado.

## III.  GENERAL ALLEGATIONS

9.      Underwood is, among other things, a media technology entrepreneur.

10.     In 2008, Underwood created a digital technology company.  Underwood's company, My24, was incorporated in Colorado in 2014.

11.     My24 produces live digital video news content made accessible, via a proprietary broadcast platform, on mobile devices such as smartphones and tablets and other internet mediums.

12.     My24's live digital video news content is interactive and customizable so that a My24 customer can customize My24's live digital video news content according to his or her preference

(e.g., sports, entertainment, political news), and then cause the selected category of live updated digital video news content to be pushed, or sent, to the customer's smartphone, tablet or any other internet device, at a specified time without video buffering.

13.     In 2011, My24 was one of the earliest companies in what has become the "Over The Top" ("OTT") revolution of content distribution.  OTT media distribution involves streaming content directly to consumers over the internet, bypassing traditional methods of distribution like satellite and cable.

14.     My24's personal assistant informational avatar is named "E.R.I.C.A." E.R.I.C.A. is a lifelike mobile application that utilizes artificial intelligence. Originally designed as a virtual news anchor that would verbally speak My24's headline news, Underwood and My24 modified E.R.I.C.A. so as to utilize her as a virtual search engine and personal assistant in association with smartphones, tablets, and internet mediums and other expanding capabilities.

15.     E.R.I.C.A. is an acronym for electronic repetitious informational clone application. Erica also corresponds to the birth name of Underwood's twin sister.

16.     Underwood licenses the service mark E.R.I.C.A. to My24.  Accordingly, pursuant to 15 U.S.C. § 1055, all use of the E.R.I.C.A. mark by My24 inures to the benefit of Underwood.

17.     E.R.I.C.A. was first used by Underwood on March 5, 2010.  *See* Exhibit A attached hereto and incorporated herein by this reference.

18.      On October 15, 2010, Underwood registered the service mark E.R.I.C.A. with the State of Georgia, registration number S - 25363.  *See* Exhibit B attached hereto.

19.     Another example of the Plaintiffs' use of E.R.I.C.A is from 2015 and is attached hereto as Exhibit C.

682692                                         3

20.     Further, on December 14, 2012, My24 obtained the domain name for my24erica. com. *See* Exhibit D attached hereto.  My24 began using such domain name in 2015.

21.     My24erica.com is an interactive global search engine platform (accessed by smartphones, tablets, laptops etc.) that *inter alia* incorporates news, financial news, video, pop culture, movie trailers, TV shows, and social media.  Consumers can rate their favorite movies and or TV shows.  In addition, my24erica.com allows the user to view the E.R.I.C.A. avatar and receive recommendations from her.  The my24erica.com platform also allows users to engage in debates or commentary and buy movies or stream TV shows through a third party Amazon application.

22.     Unbeknownst to Underwood and My24 (collectively the "Plaintiffs"), on October 23, 2016, the Defendant filed an intent to use application for the service mark ERICA. *See* United States Patent and Trademark Office ("USPTO") record attached hereto as Exhibit E.

23.     According to Exhibit E, the Defendant began using the service mark ERICA on March 7, 2018.

24.     In particular, in Exhibit E the Defendant represented to the USPTO that its services associated with ERICA consisted of, among other things, "voice command and recognition software . . . and personal assistant software . . . providing information, news and commentary ..."

25.     On May 9, 2016, the Defendant filed its Statement of Use with the USPTO.  *See* Exhibit F attached hereto.  In Exhibit F, the Defendant represented pursuant to 18 U.S.C. § 1001 pertaining to willful false statements being punishable by fine or imprisonment that "no other persons . . . have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely when used on or in connection with the goods/services collective membership organization of such other persons, to cause confusion or mistake, or to deceive."

26.     Underwood learned that the Defendant was using ERICA as a service mark in late May 2018, through a press release issued by the Defendant.  *See* Exhibit G attached hereto.

27.     After performing his due diligence, through counsel, the Plaintiffs sent the Defendant on May 31, 2018 a notice to cease and desist from its use of the ERICA service mark.  *See* Exhibit H attached hereto.

28.     Although the Defendant acknowledged receipt of Exhibit H, the Defendant did not cease and desist from use of the ERICA service mark.  Accordingly, on July 16, 2018, again through counsel, Underwood demanded that the Defendant cease and desist.  *See* Exhibit I attached hereto.

29.     To date, the Defendant has not ceased or desisted from using the ERICA service mark.  *See* Exhibit J attached hereto.

30.     Indeed, the Defendant, despite representing to the USPTO that there was no others using a mark that would cause confusion or deceive, chose not to advise the USPTO of the use of the service mark E.R.I.C.A. or the domain name my24erica.com and allowed its intent to use status to mature to a full 1A registration on July 31, 2018.

## IV.  FIRST CLAIM FOR RELIEF
### (False Association under the Statutory Laws of the United States)

31.     The Plaintiffs incorporate herein all prior allegations.

32.     This claim for relief is for federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

33.     Underwood is the owner of the service marks E.R.I.C.A and my24erica.com (collectively the "Marks").

34.     Underwood, through My24's use and promotion, has since 2010 built up good will in the Marks and have garnered a reputation for being a virtual search engine and personal assistant of the highest quality.

35.     The services associated with the Marks are available through the internet including My24's URL's and through Facebook where the services associated with the Marks have obtained approximately eight hundred "likes."

36.      The Plaintiffs has invested substantial time, effort and financial resources promoting the Marks in connection with the services in interstate commerce.  The Marks have become, through public acceptance and recognition, an asset of substantial value as a symbol of My24 and Underwood and their collective quality services and good will.

37.     A not insubstantial portion of the consuming public, at least prior to the Defendant commencing use of ERICA, recognized the Marks as being associated with Underwood and My24.

38.     The Marks are inherently distinctive as applied to the services of Underwood and My24.

39.     Notwithstanding Underwood's and My24's rights in the Marks, the Defendant adopted and used the confusingly similar mark ERICA in interstate commerce in connection with the sale and offering of, among other things, "voice command and recognition software . . . and personal assistant software . . . providing information, news and commentary . . ."

40.     The Defendant does not have the Plaintiffs' consent to use ERICA and the Plaintiffs have requested in writing on May 31 and July 16 of 2018 that the Defendant cease and desist.

41.     Nevertheless, the Defendant obtained USPTO service mark registration number 5530934 (the "Registration") for the service mark ERICA on July 31, 2018.

42.      Furthermore, with actual knowledge of the Plaintiffs' rights, the Defendant continues to use ERICA and otherwise allowed the Registration to issue after being so advised.

43.      The Defendant's actions are and, if allowed to continue, likely to create confusion and reverse confusion.  With regard to reverse confusion, because of the Defendant's size and resources, consumers are likely to believe that it is Underwood and My24 that are the junior users and that it is Underwood and My24 that are unfairly competing.

44.       The Defendant's unauthorized use of the ERICA mark in interstate commerce as described above constitutes unfair competition under 15 U.S.C. § 1125(a) and is likely to cause consumer confusion, mistake, or deception.

45.      The Defendant's unauthorized marketing and sale of its services in interstate commerce using its ERICA mark constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates the Defendant's services and otherwise constitutes a false description or representation in violation of 15 U.S.C. § 1125(a)(1)(A).

46.      As a direct and proximate result of the Defendant's acts of false association and unfair competition, Underwood and My24 have and will continue to suffer loss of income, profits and good will and the Defendant has and will continue to unfairly acquire income, profits and good will.

47.      The Defendant's acts of false association and unfair competition will cause further irreparable injury to Underwood and My24 if the Defendant is not restrained and or enjoined by this Court from further violation of the Plaintiffs' rights.

48.      The Plaintiffs have no adequate remedy at law.

49.      The balance of equities favors the Plaintiffs.

50.      Restraining or enjoining the Defendant would not be adverse to the public interest.

WHEREFORE, the Plaintiffs seek the relief requested at the end of this Verified Complaint.

## V.  SECOND CLAIM FOR RELIEF
### (Service Mark Infringement under the Common Law)

51.     The Plaintiffs incorporate herein all prior allegations.

52.     As its second ground for relief, the Plaintiffs allege common law service mark infringement.

53.     The Plaintiffs had protectable rights in the Marks.

54.     The Defendant used the Marks in connection with a commercial use.

55.     The Defendant's use of the Marks is likely to cause confusion or mistake or to deceive.

56.     The Plaintiffs have been damaged by the Defendant's acts of common law service mark infringement.

WHEREFORE, the Plaintiffs seek the relief requested at the end of this Verified Complaint.

## VI.  THIRD CLAIM FOR RELIEF
### (Unfair Competition under the Common Law)

57.     The Plaintiffs incorporate herein all prior allegations.

58.     As its third ground for relief, the Plaintiffs allege common law unfair competition.

59.     The Marks have acquired a secondary meaning or significance that identifies Underwood and My24.

60.     The Defendant has unfairly used ERICA to compete with Underwood and My24.

61.     The Plaintiffs have been damaged by the Defendant's acts of common law unfair competition.

WHEREFORE, the Plaintiffs seek the relief requested at the end of this Verified Complaint.

## VII.  FOURTH CLAIM FOR RELIEF
### (Violation of the Colorado Consumer Protection Act)

62.      The Plaintiffs incorporate herein all prior allegations.

63.      This fourth claim for relief is made pursuant to C.R.S. § 6-1-1-101 *et seq.*

64.      The Defendant engaged in an unfair or deceptive trade practice as set forth in C.R.S. § 6-1-105 by: (a) knowingly passing off its services as those of the Plaintiffs; (b) knowingly making a false representation as to the source, sponsorship, approval or certification of its services; and (c) knowingly making a false representation as to affiliation, connection, or association with or certification of its services.

65.      The Defendant engaged in an unfair or deceptive trade practice in the course of the Defendant's business, vocation or occupation.

66.      The Defendant's unfair or deceptive trade practice significantly impact the public as actual or potential consumers of the Defendant's services.

67.      The Plaintiffs have suffered and will continue to suffer injury in fact to a legally protected interest.

68.      The Defendant's unfair or deceptive trade practice have caused the Plaintiffs' injury.

WHEREFORE, the Plaintiffs seek the relief requested at the end of this Verified Complaint.

## VIII.   FIFTH CLAIM FOR RELIEF
### (Service Mark Infringement under the Laws of the State of Georgia)

69.      The Plaintiffs incorporate herein all prior allegations.

70.      This fifth claim for relief is made pursuant to O.C.G.A. 10-1-450.

69.      Underwood is the owner of Georgia service mark registration number S-25363.

70.     The Defendant used, without the consent of the Plaintiffs, a colorable imitation of the registered service mark in connection with the sale, offering for sale, or advertising of services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

71.     The Defendant colorably imitated the registered service mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in Georgia of such goods or services.

72.     The Defendant did not obtain the consent of the Plaintiffs.

73.     Upon information and good faith belief, the Defendant infringed the registered mark with knowledge of the Plaintiffs use of such service mark and with the intent to cause confusion or mistake or to deceive.

WHEREFORE, the Plaintiffs requests the following relief:

a.      Cancellation of USPTO registration number 5530934;

b.      Pursuant to 15 U.S.C. § 1116, the common law and O.C.G.A. § 10-1-451(a), the Defendant and its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with the Defendant who receive actual notice by personal service or otherwise be temporarily, preliminarily and permanently enjoined from engaging in the United States or in foreign commerce:

i.      Using ERICA in the advertising or sale of banking or informational services;

    ii.  Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks;

    iii.  Otherwise infringing the Marks;

    iv.  Unfairly competing with the Plaintiffs, diluting the distinctiveness of the Marks and otherwise injuring the Plaintiffs' business reputation in any manner;

  c.  That the Defendant be required to file with the Court and serve on the Plaintiffs within 30 days after the issuance of any preliminary or permanent injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with any injunction entered by the Court;

  d.  That the Plaintiffs be awarded damages and the Defendant's profits and prejudgment interest for unfair competition by the Defendant of the Marks in an amount to be proved at trial and that such damages and profits be enhanced pursuant to 15 U.S.C. § 1117 as applicable;

  e.  That the Plaintiffs be awarded damages consistent with C.R.S. § 6-1-113(2) and that such damages be trebled in accordance with Section of III of that statute for the Defendant's willful, knowing and intentional conduct;

  f.  Common law damages, actual and exemplary, lost profits and the disgorgement of profits for the Defendant's infringement and unfair competition in an amount to be proved at trial;

  g.  Actual damages and the Defendant's profits under O.C.G.A. § 10-1-450(2);

  h.  Alternatively liquidated damages under O.C.G.A. § 10-1-450(2);

  i.  Attorney fees and costs pursuant to 15 U.S.C. § 1117, C.R.S. § 6-1-113(2)(b) and any other applicable rule or statute;

682692           11

j.      That the Plaintiffs be granted such other, further, different or additional relief as the

Court deems equitable and proper.

## JURY DEMAND

The Plaintiffs seek a jury trial on all issues so triable.

## VERIFICATION

I, Erik M. Underwood, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury under

the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of September, 2018.

> */s/ Erik M. Underwood (original signature on file)*
> Erik M. Underwood

Respectfully submitted this 11th day of September 2018.

> ROBINSON WATERS & O'DORISIO, P.C.
>
> */s/ Harold R. Bruno III (original signature on file)*
> Harold R. Bruno III
> Nicholas F. Labor
> Robinson, Waters & O'Dorisio, P.C.
> 1099 18th Street, Suite 2600
> Denver, CO 80202
> Telephone: (303) 297-2600
> Facsimile: (303) 297-2750
> Email:  hbruno@rwolaw.com; nlabor@rwolaw.com

**Plaintiff's Address:**
1550 Larimer Street, #779
Denver, Colorado 80202