IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02329-RM-MEH

ERIK M. UNDERWOOD, a Colorado citizen, and,
MY24HOURNEWS.COM, INC., a Colorado corporation,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION, a Delaware corporation,

    Defendant.

___

**ORDER**
___

    This service mark infringement case is before the Court on remand from the United States Court of Appeals for the Tenth Circuit. *See Underwood v. Bank of Am. Corp.*, 996 F.3d 1038 (10th Cir. 2021). The Tenth Circuit vacated summary judgment in Defendant's favor on Plaintiffs' infringement claims premised on their prior actual use of their purported E.R.I.C.A. service mark but otherwise affirmed summary judgment for Defendant. The Court now considers whether there is evidence Plaintiffs had a protectable interest in the E.R.I.C.A. mark through actual use before October 2016, focusing on the three relevant factual issues identified by the Tenth Circuit:

> Under the correct view of the law, to establish a protectable interest in the E.R.I.C.A. mark based on actual use, [Plaintiffs] must establish (1) my24erica.com—the only place where Mr. Underwood claims services were offered in connection with the mark—was publicly accessible before [Defendant's] priority date of October 2016; (2) search engine and personal assistant services on my24erica.com were rendered to others before October 2016; and (3) as it appeared

>on the my24erica.com website display, the E.R.I.C.A. mark clearly identified and distinguished the services offered on the website.

*Id.* at 1057 (citations, quotation marks, and brackets omitted).

**I.      LEGAL STANDARD**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor.  *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  However, "if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue."  *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson*, 477 U.S. at 248.

**II.     BACKGROUND**

In October 2016, Defendant filed a successful application to register its ERICA mark with the Untied States Patent and Trademark Office.  Because Plaintiffs' purported E.R.I.C.A.

2

mark is unregistered, Defendant is entitled to summary judgment on claims premised on the use of its mark and to declaratory relief on its counterclaims unless Plaintiffs have raised a genuine issue of material fact as to their actual use of the E.R.I.C.A. mark before October 2016.[1]

Having considered supplemental briefing following remand (ECF Nos. 180, 181), the Court concludes there is no evidence raising a genuine issue of material fact as to the second and third issues identified above, and therefore Defendant is entitled to prevail on the last remaining issue in this case.

### III. DISCUSSION

Because the E.R.I.C.A. mark is not registered, Plaintiffs bear the burden of establishing that it is protectable. *See Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008); *see also United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97, (1918) ("[T]he right to a particular mark grows out of its use, not its mere adoption."). As pertinent here, a service mark is "in use in commerce . . . when it is used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127. Thus, while an actual sale of the services is not required, services not solely for the benefit of the performer must be rendered to others. *See Burns v. Realnetworks, Inc.*, 359 F. Supp. 2d 1187, 1192 (W.D. Okla. 2004); *Morningside Grp. Ltd. v. Morningside Cap. Grp., L.L.C.*, 182 F.3d 133, 138 (2d Cir. 1999). "Further, the claimant must have used the claimed mark to identify its services." *Morningside Grp.*, 182 F.3d at 138.

---

[1] Pursuant to the Tenth Circuit's ruling, Plaintiffs may not pursue their analogous use theory for the E.R.I.C.A. mark and have failed to establish a protectable interest—either through actual or analogous use—in their purported my24erica.com mark.

For present purposes, the Court assumes there is sufficient evidence in the record to present a genuine issue as whether Plaintiffs' website was publicly accessible before October 2016. Lacking, however, is any evidence that search engine or personal assistant services were rendered to anyone who accessed the website before October 2016.[2] Plaintiffs have adduced evidence merely showing that certain individuals "visited" or "interacted with" the website before October 2016 and, vaguely, that "content was available" at the website in 2015. (ECF No. 180 at 7.) However, they fail to cite any evidence of content suggestions, recommendations, or search results that were provided to anyone at all, much less any evidence that shows any such services were rendered before October 2016. As a result, Plaintiffs have adduced no evidence that they *in fact* benefited third parties during the relevant timeframe. *See Morningside Grp.*, 182 F.3d at 138.

Also lacking is any evidence that the E.R.I.C.A. mark, as it appeared on Plaintiffs' website before October 2016, clearly identified and distinguished any such services allegedly being provided. For example, Plaintiffs point to no evidence that any individuals who visited its website during that timeframe associated the mark with the website's services. *See Schreiber v. Dunabin*, 938 F. Supp. 2d 587, 598 (E.D. Va. 2013) ("[O]perating a website available on the Internet is not equivalent to use in United States commerce."); *Spect v. Google Inc.*, 758 F. Supp. 2d 570, 592 (N.D. Ill. 2010) ("[M]ere advertising is not a bona fide use in commerce of a mark."). Accordingly, the Court finds Plaintiffs have failed to adduce evidence sufficient to show their mark was in use in commerce before October 2016.

---

[2] It is undisputed that Plaintiffs have provided no evidence of any customers that purchased goods or services under the E.R.I.C.A. mark and that Plaintiffs have generated no revenue from their use of it. (ECF No. 122 at 7-8, ¶¶ 6, 7.)

4

### IV. CONCLUSION

In the absence of any evidence that Plaintiffs rendered search engine or personal assistant services before October 2016, or that such services were clearly identified and distinguished by their E.R.I.C.A. mark, they cannot establish a protectable interest in the mark based on actual use. Therefore, Defendant is entitled to summary judgment on Plaintiffs' remaining infringement claims and on its counterclaims for declaratory relief. The Clerk is directed to ENTER JUDGMENT accordingly and CLOSE this case.

DATED this 9th day of August, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge