IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02329-RM-MEH

ERIK M. UNDERWOOD, a Colorado citizen, and,
MY24HOURNEWS.COM, INC., a Colorado corporation,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION, a Delaware corporation,

    Defendant.

---

## ORDER

---

Before the Court is Plaintiffs' Rule 59(e) Motion (ECF No. 187), requesting that the Court alter or amend its August 9, 2022, Order granting summary judgment in Defendant's favor. The Motion has been briefed (ECF Nos. 191, 192) and is denied for the reasons below.

**I.  BACKGROUND**

On remand from the United States Court of Appeals for the Tenth Circuit, the sole legal issue before the Court was whether Plaintiffs had a protectable interest in the E.R.I.C.A. service mark through actual use before October 2016. The Court was guided by the three relevant factual issues identified by the Tenth Circuit:

> Under the correct view of the law, to establish a protectable interest in the E.R.I.C.A. mark based on actual use, [Plaintiffs] must establish (1) my24erica.com—the only place where Mr. Underwood claims services were offered in connection with the mark—was publicly accessible before [Defendant's] priority date of October 2016; (2) search engine and personal assistant services on my24erica.com were rendered to others before October 2016; and (3) as it appeared on the my24erica.com website display, the E.R.I.C.A. mark clearly identified and distinguished the services offered on the website.

*Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1057 (10th Cir. 2021) (citations, quotation marks, and brackets omitted). After supplemental briefing, the Court concluded there was no evidence raising a genuine issue of material fact as to the second and third issues identified above, and therefore Defendant was entitled to summary judgment.

In their Motion, Plaintiffs contend the judgment should be withdrawn, "either based on the evidence already of record or based on the evidence that Plaintiffs could have presented." (ECF No. 187 at 20.)

## II. LEGAL STANDARD

Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted). Where a party seeks to submit additional evidence pursuant to Fed. R. Civ. P. 59(e), it must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012).

## III. ANALYSIS

To begin with, the Court does not consider hypothetical evidence that Plaintiffs could have presented. Moreover, Plaintiffs do not contend that an intervening change in controlling law or new evidence previously unavailable entitles them to alter or amend the judgment, so the

Court considers only the evidence in the record when the Court ruled on summary judgment. That does not include the attachments to Plaintiffs' Motion.

Next, the Court reiterates that it was Plaintiffs' burden to establish that their E.R.I.C.A. mark was protectable. *See Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008); *see also United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97, (1918) ("[T]he right to a particular mark grows out of its use, not its mere adoption."). To establish a genuine issue for trial, Plaintiffs were required to produce evidence that they rendered services to others before October 2016. Much of the testimony Plaintiffs rely on is insufficient because it fails to establish the temporal context. Put differently, evidence that Plaintiffs have provided search engine and personal assistant services through their website at unspecified times or that they currently offer such services is insufficient to show they were doing so before October 2016. (*See, e.g.*, ECF No. 117, ¶ 25; ECF No. 117-4, ¶ 3; ECF No. 118, ¶ 3.) Nor is testimony that someone has been to Plaintiffs' website "at various times in 2015, 2016, 2017, 2018, to the present" (ECF No. 118-2, ¶ 14) sufficient to show search engine and personal assistant services were in fact being rendered before October 2016.

For summary judgment purposes, the Court accepted Plaintiffs' position that their website was publicly accessible before October 2016, but it does not necessarily follow that services were rendered to others since that time. The Court finds Plaintiffs' reliance on Tom Olson's testimony that he visited the website in 2015 and 2016 is misplaced. Mr. Olson testified that he looked at a first generation of the E.R.I.C.A. platform in response to Plaintiff Underwood "asking for mind share" and saw that "it allowed you to search and query for movies." (ECF No. 116 at 13.) But testimony to the effect that Mr. Olson saw how E.R.I.C.A. worked on the website does not mean that services were rendered to him or anyone else before October 2016.

3

Further, Plaintiffs concede that some visitors to their website might not run searches or even know that it was a search engine. (ECF No. 187 at 13.) They also admit that they "may not know when the services are used." (ECF No. 192 at 10.)

Nor does the other evidence relied on by Plaintiffs do more than suggest services might have or could have been offered through the website prior to October 2016. For example, Plaintiff Underwood testified that Plaintiffs' database grows as people use the site and that it grew from zero movies to tens of thousands in 2015. (ECF No. 116 at 52-53.) But he also testified that he put content on the website himself throughout 2015. (*Id.* at 38.) Plaintiffs also cite Plaintiff Underwood's testimony that users of the website "have been able to perform searches for movies and actors since My24 Erica.Com was first launched," that "ERICA provides predictive text suggestions to assist users with their searches," and that "this has been true for all times since March 2015." (ECF No. 180-1, ¶ 29.) He further testified that "the user interface for My24Erica.Com has been substantially the same" since when it was launched in March 2015. But again, such testimony speaks only to the website's capabilities without clearing the hurdle of establishing that search engine and personal assistant services were in fact rendered to anyone before October 2016.

Plaintiffs were also required to produce evidence that the E.R.I.C.A. mark clearly identified and distinguished the services offered on the website before October 2016. *See Morningside Grp. Ltd. v. Morningside Cap. Grp., L.L.C.*, 182 F.3d 133, 138 (2d Cir. 1999). Because they have not adduced evidence that such services were provided before October 2016, they necessarily fail to establish this element as well. And much of the evidence Plaintiffs cite suffers from the same temporal defect as the evidence that they rendered services before 2016—

4

it purports to show that visitors to the website associate the services provided with the E.R.I.C.A. mark but fails to show that such associations began before October 2016.

Moreover, Plaintiffs have not adduced evidence of more than de minimis use of the mark prior to October 2016. "In general, uses that are *de minimis* may not establish trademark ownership rights." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1196 (11th Cir. 2001). Nor have Plaintiffs adduced "evidence of any commercial interest associated with the visits" to its website before October 2016. *Specht v. Google Inc.*, 727 F.3d 929, 935 (7th Cir. 2014).

In the absence of any evidence that search engine or personal assistant services were rendered to anyone who accessed the website before October 2016, there is no basis by which a reasonable jury could conclude that Plaintiffs *in fact* benefited third parties during the relevant timeframe. *See Morningside Grp.*, 182 F.3d at 138. Also lacking is any evidence that the E.R.I.C.A. mark, as it appeared on Plaintiffs' website before October 2016, clearly identified and distinguished any such services allegedly being provided. Therefore, Plaintiffs have failed to establish a need to correct clear error or prevent manifest injustice to justify altering or amending the judgment that was entered in this case.

IV. **CONCLUSION**

Accordingly, the Motion (ECF No. 187) is DENIED.

DATED this 4th day of November, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge