IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02329-RM-CYC

ERIK M. UNDERWOOD,
MY24HOURNEWS.COM, INC.,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION,

    Defendant/Counter Claimant/Counter Defendant.

_____

## ORDER
_____

**Cyrus Y. Chung, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion to Compel Mr. Underwood to (1) Comply with this Court's October 24, 2024 Order to Produce any Documents Submitted to Any Entities Involving Bank of America and (2) Remedy Protective Order Violations in Georgia (the "Motion"). ECF No. 257. For the reasons below, the Court **GRANTS IN PART** the defendant's Motion.

## BACKGROUND

    On September 11, 2018, the plaintiff commenced this action, alleging that defendant Bank of America Corporation infringed a service mark "E.R.I.C.A." when it launched a virtual financial assistant by that same name. ECF No. 1. In the course of litigation, the parties filed a Joint Motion for Protective Order. ECF No. 54. The Court entered the requested order (the "Protective Order"). ECF No. 58. The Protective Order provides a process for designating material as confidential and one for challenging that designation. ECF No. 58 at 1-2.

On October 9, 2022, the Court granted summary judgment in favor of the defendant. ECF No. 185. The Tenth Circuit affirmed a year and a half later. *Underwood v. Bank of America Corp.*, 22-1402, 2024 WL 1670592 (10th Cir. Apr. 18, 2024).

That was not the end of the proceedings. Instead, the defendant moved for an order to show cause as to why the plaintiff should not be held in contempt for violating the Protective Order, asserting that the plaintiff filed actions in Georgia in which he disclosed confidential material gained through discovery in this action. ECF No. 207 at 3. The parties subsequently submitted a joint status report, noting that they were working together to remedy the alleged Protective Order violations. ECF No. 220. In that joint status report, the parties reported that the plaintiff had filed two "Unopposed Motions to Restrict File and Permit Redaction of Verified Complaint and Withdrawal of Submitted Exhibits" in the matters pending in Georgia, which were drafted by the defendant. *Id.* A second joint status report noted that the plaintiff was in the process of handing over all confidential documents he possessed and, because of such cooperation, the defendant withdrew its request for a show-cause hearing. ECF No. 222.

That, too, did not end the matter. On October 9 and 12, 2024, the plaintiff's two attorneys each moved to withdraw. ECF Nos. 235, 238. The motions were referred to then-Chief Magistrate Judge Hegarty. ECF Nos. 236, 241. The defendant opposed the latter of these motions, arguing that the plaintiff had not truthfully disclosed all instances in which he disclosed confidential documents, contrary to the promise of the second joint status report. ECF No. 240 ¶ 6. That, in turn, prompted Judge Hegarty to convene an evidentiary hearing on October 24, 2024. ECF No. 243. At that hearing, Judge Hegarty ordered the plaintiff to

> assemble and submit to the attorneys for Bank of America complete copies of anything you have given, whether letters, documents, reports of any kind, that you have given to any investigatory or law enforcement agency . . . about their conduct

2

> . . . I want you to collect everything you've submitted to anybody
> and produce it to Bank of America so I can understand the scope of
> what we're talking about.

ECF No. 251 at 68-69. The plaintiff had until November 7, 2024 to comply. *Id.* at 71.

On December 12, 2024, this Motion followed, asserting that the plaintiff had not complied with the October 24, 2024 order. ECF No. 257.

## **ANALYSIS**

The defendant requests that this Court compel the plaintiff to (1) comply with the Court's October 24, 2024 Order, (2) withdraw his "Unopposed Motions to Restrict File and Permit Redaction of Verified Complaint and Withdrawal of Submitted Exhibits" and file a Renewed Emergency Motion because the State of Georgia opposed the original motions, (3) request a hearing in his case in the State of Georgia regarding the sealing of Bank of America's confidential information, and (4) pay Bank of America's reasonable fees associated with this Motion. ECF No. 257 at 9. Each request is addressed in turn.

First, by not producing copies of disclosed confidential information, the plaintiff has not complied with the Court's October 24, 2024 order. He asserts that such conduct does not run afoul of the Protective Order. ECF No. 278 at 2. That is beside the point. The current issue is not whether he violated the Protective Order. Indeed, at the October 24, 2024 hearing, Judge Hegarty made it clear that the district judge would evaluate any such violation. ECF No. 251 at 71. Instead, the issue is whether the plaintiff complied with the Court's October 24, 2024 order directing him to produce documents. He has not and makes no attempt to argue otherwise. *See* ECF No. 275 at 2-3. The Court therefore **GRANTS** the defendant's first request for relief. Accordingly, the plaintiff shall identify any proceedings, complaints, investigations, or other actions that he has initiated involving Bank of America (including its employees and its counsel),

3

regardless of whether Bank of America is aware of such and shall produce all documents, materials, and any other information that he submitted in support of such proceedings, complaints, investigations, or other actions by April 7, 2025.

The Court **DENIES WITHOUT PREJUDICE** the defendant's second and third requests for relief. At the October 24, 2024 hearing, Judge Hegarty ordered the plaintiff to produce all documents he submitted to other entities and produce it to the defendant. ECF No. 251 at 68-69. Here, the defendant's requests seek injunctive relief and ask the Court to compel the plaintiff to comply with the Court's October 24, 2024 order; however, at no point did Judge Hegarty order the plaintiff to take specific action in his proceedings in other jurisdictions. As such, at this juncture, that order provides no legal basis for such injunctive relief.

The defendant's final request for relief is that this Court grant it attorney's fees that are associated with this Motion. To be sure, attorney's fees are mandatory under Fed. R. Civ. P. 37(a)(5)(A) upon the granting of a motion to compel, unless one of the following exceptions applies: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. However, Judge Hegarty noted at the October 24, 2024 hearing that the issue of attorney's fees would not be decided until a final supplement is provided, which, in turn, will not be until some point after the plaintiff complies with the October 24, 2024 order. Accordingly, the request for attorney's fees is premature. As such, the Court **DENIES WITHOUT PREJUDICE** the defendant's final request.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

4

(1) The Defendant's Motion, ECF No. 257, is **GRANTED IN PART**;

(2) The Plaintiff **SHALL** produce documents as specified in this Order on or before April 7, 2025; and

(3) All other forms of relief requested are **DENIED WITHOUT PREJUDICE**.

Entered and dated this 18th day of March, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge