# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Senior Judge Raymond P. Moore

Civil Action No. 18-cv-02329-RM-CYC

ERIK M. UNDERWOOD, a Colorado citizen, and,
MY24HOURNEWS.COM, INC., a Colorado corporation,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION, a Delaware corporation,

    Defendant.

___

## ORDER
___

Several Objections and Motions are pending in this case which was closed nearly three years ago. After summarizing the procedural history, this Order addresses them in the order they were filed.

**I.    PROCEDURAL HISTORY**

In September 2018, Plaintiffs filed this lawsuit alleging Defendant's ERICA service mark infringed Plaintiff Underwood's E.R.I.C.A. and my24erica.com service marks.[1] (ECF No. 1.) Defendant filed a counterclaim seeking cancellation of the service mark registrations in Georgia along with declaratory relief. (ECF No. 14.)

Following an evidentiary hearing, United States District Judge Philip A. Brimmer (now Chief Judge) denied Plaintiffs' request for a preliminary injunction. (ECF No. 41.) Months

___

[1] Since the withdrawal of Plaintiffs' most recent counsel in December 2024 (ECF No. 264), Plaintiff Underwood proceeds pro se and can represent only himself. Accordingly, all references to "Plaintiff" in this Order apply to him alone.

later, Chief Judge Brimmer recused himself, citing Canon 3C(3)(c) of the code of Conduct for United States Judges and 28 U.S.C. § 455. (ECF No. 104.)

The case was randomly reassigned to the undersigned United States District Judge (now Senior Judge). (ECF No. 107.) Days later, the Court granted Defendant's Motion for Partial Summary Judgment (ECF No. 53) on its counterclaim. Plaintiffs filed a Notice of Appeal. (ECF No. 111.)

In February 2020, the Court granted Defendant's Motion for Summary Judgment (ECF No. 74), dismissing all Plaintiffs' claims and closing the case. (ECF No. 135.) Plaintiffs again filed a Notice of Appeal. (ECF No. 139.)

The United States Court of Appeals for the Tenth Circuit consolidated the appeals and affirmed the judgments pertaining to Plaintiffs' claim based on the my24erica.com mark and to Defendant's counterclaim. *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1059 (2021). However, it vacated the judgment pertaining to Plaintiffs' claim based on the E.R.I.C.A. mark and remanded the matter for further proceedings. *Id.*

On remand, the Court considered supplemental briefing (ECF Nos. 180, 181) but ultimately concluded Defendant was entitled to summary judgment because Plaintiffs failed to adduce evidence of a protectable interest in the E.R.I.C.A. service mark through actual use in commerce before October 2016. (ECF No. 185.) Plaintiffs appealed again. (ECF No. 194.)

In April 2024, the Tenth Circuit affirmed the judgment in Defendant's favor. *Underwood v. Bank of Am. Corp.*, No. 22-1402, 2024 WL 1670592 (10th Cir. Apr. 18, 2024) (unpublished). Notably, the Tenth Circuit concluded that even if Plaintiffs rendered services to others through their website as of March 2015, they adduced "no evidence that the E.R.I.C.A. mark, as used on the website, clearly distinguishes the source of the services offered by www.my24erica.com,"

2

and therefore they failed establish a protectable interest in the mark to support their remaining infringement claim. (*Id.* at *5.)

In July 2024, Defendant filed a Motion (ECF No. 207), asking the Court to enter an order directing Plaintiff to show cause why he should not be held in contempt for violating the Protective Order entered on January 24, 2019 (ECF No. 58), by disclosing confidential material produced in this case in two state court cases he filed in Georgia. United States Magistrate Judge Michael E. Hegarty heard discussion on the Motion at a status conference held on July 30, 2024. (ECF No. 216.) In August 2024, the parties filed a Joint Status Report (ECF No. 222), prompting the Court to deem Defendant's Motion withdrawn. (ECF No. 223.)

That same month, Defendant filed a Motion for Attorney Fees (ECF No. 225), which was referred to Judge Hegarty (ECF No. 226), and Plaintiff filed a petition for a writ of certiorari (ECF No. 227). Judge Hegarty held an evidentiary hearing and heard argument on several pending matters, including Defendant's fee request, on October 24, 2024. (ECF No. 245.) The United States Supreme Court denied Plaintiffs' petition for a writ of certiorari in November 2024. (*See* ECF No. 246.) The following month, Judge Hegarty granted in part Defendant's Motion for Attorney Fees but directed Defendant to file a revised request. (ECF No. 265.) After Defendant did so, Judge Hegarty ordered Plaintiffs to pay $84,744 in fees to Defendant. (ECF No. 268.)

In January 2025, the Court assigned United States Magistrate Judge Cyrus Y. Chung as the presiding magistrate judge due to Judge Hegarty's retirement. (ECF No. 269.) On March 18, 2025, Judge Chung partially granted a Motion to Compel by Defendant (ECF No. 257), ordering Plaintiff to produce all documents involving Defendant that he submitted to any entities, while declining to order that he remedy the alleged protective order violations in Georgia, citing the

3

absence of a clear directive from Judge Hegarty as to any specific action Plaintiff was required to undertake in other jurisdictions. (ECF No. 281 at 4.) On May 9, 2025, Judge Chung granted Defendant's Motion to Restrict (ECF No. 285), directing the Clerk to maintain at Restriction Level 1 Defendant's Exhibit 8 to its Objections to the March 18 Order. (ECF No. 296.)

The Court turns now to the pending Objections and Motions.

## II.  PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE HEGARTY'S DECEMBER 26, 2024, ORDER—OVERRULED

As mentioned above, Judge Hegarty addressed Defendant's Motion for Attorney Fees at the October 24 hearing and granted Defendant leave to supplement its fee request. (ECF No. 259.) Judge Hegarty determined that Plaintiff violated the Protective Order entered in this case by disclosing documents designated by Defendant as confidential when he filed a police report in Arizona and submitted applications for criminal arrest warrants in Georgia state court. (ECF No. 265 at 2.) Judge Hegarty further found Plaintiff admitted to the violations and that an award of fees was appropriate under Fed. R. Civ. P. 37(b)(2)(C) because he had not asserted, much less established, a substantial justification for his conduct. (*Id.* at 3.) In addition, Judge Hegarty determined that the terms of the Protection Order, as well as Fed. R. Civ. P. 16(f)(2), supported the fee award. (*Id.*)

In assessing the reasonableness of Defendant's fee request, the Judge Hegarty reduced the amount sought by Defendant because (1) fees for defense counsel's personal criminal attorneys in Georgia were not proximately caused by Plaintiff's violation of the Protection Order, and (2) some of the billing entries were vague, justifying a general reduction of twenty percent. (*Id.* at 5-6.) After Defendant submitted a revised request (ECF No. 266) and Plaintiffs responded

4

(ECF No. 274), Judge Hegarty ordered Plaintiffs to pay $84,744 in fees to Defendant.  (ECF No. 268.)

In his Objection (ECF No. 271), Plaintiff first argues that sanctions are not appropriate under 28 U.S.C. § 1927.  But that statute was not the basis for the attorney fee award, so this argument is unavailing.  Plaintiff raises no specific objections directly related to Judge Hegarty's analysis of Defendant's fee request and fails to meaningfully address the factual determinations which support the resulting Order.  Instead, he makes an abstract, ends-justify-the-means argument based on vague and unsubstantiated allegations of judicial impartiality, conflict of interest, and improper influence.  In his Reply (ECF No. 279), Plaintiff continues to insist that he is a victim in these proceedings while failing to set forth any cognizable legal argument that bears directly on the underlying Order.  In the absence of a properly articulated objection to the Order, the Court overrules this Objection.

### III.   PLAINTIFF'S MOTION TO REOPEN CASE TEMPORARILY TO ALLOW PRO SE ACCESS TO THE COURT—DENIED

With his Objection, Plaintiff also filed a Motion to Reopen.  (ECF No. 272.)  His principal argument appears to be that, as a pro se litigant, he is unable to access court records or file motions.  However, the docket reflects that Plaintiff has amply participated in this case post-appeal, despite lacking counsel since December 2024—filing at least six Motions and Objections and responding to each of Defendant's Motions and Objections.  Nor does Plaintiff deny he has received notice of all pertinent filings in this case by mail and email.  Therefore, the Court finds Plaintiff's contentions that he "has been denied access to the court system" (ECF No. 272 at 1) and that his inability to register for PACER account "effectively bars him from participating in the judicial process" (*id.* at 3) lack merit.

Nor has Plaintiff established other grounds for reopening this matter.  The Court has already considered and rejected Plaintiffs' Motion for Reconsideration (ECF No. 187) which followed the latest Order granting summary judgment in Defendant's favor.  (ECF No. 193.) Although Plaintiff states he intends to file a motion under Fed. R. Civ. P. 60(b), such a motion does not require reopening the case.  Moreover, his bare allegations of fraud do not appear to warrant relief under that Rule.  His reliance on ongoing proceedings before the Trademark Trial and Appeal Board ("TTAB") is also unavailing, as he identifies no substantive ruling it has issued in his favor.  The mere hope that those proceedings will result in a ruling in his favor is insufficient to warrant reopening a case in which judgment in Defendant's favor has already been affirmed by the Tenth Circuit.  Further, because Plaintiffs' claims did not survive summary judgment, the right to a jury trial is not implicated.  Accordingly, the Court denies the Motion to Reopen.

## IV.    DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE CHUNG'S MARCH 18, 2025, ORDER—OVERRULED

Defendant objects to Judge Chung's March 18 Order to the extent that it denied (without prejudice) its request for an order compelling Plaintiff to remedy his Protective Order violations in Georgia.  (ECF No. 283.)  However, Defendant has since filed a Motion for Sanctions (ECF No. 287), seeking relief that substantially overlaps with the relief it originally sought in its Motion to Compel.  In the interest of judicial efficiency, the Court overrules these Objections and addresses the issues presented therein in the following section pertaining to the Motion for Sanctions.

## V.     DEFENDANT'S MOTION FOR SANCTIONS—GRANTED

Defendant's Motion for Sanctions (ECF No. 287) is premised on Plaintiff's disclosure of its confidential information in briefs filed in the Georgia Supreme Court and with TTAB in March and April of 2025, respectively. Plaintiff does not deny that he publicly filed documents Defendant produced during discovery that were marked as confidential pursuant to the Protective Order. And, at the July 30 status conference, Judge Hegarty determined that Plaintiff violated the Protective Order with his Georgia filings. (*See* ECF No. 224 at 41, ll. 11-12 ("The violation is there, and I think it's established.").) Also, at the October 24 status conference, Plaintiff admitted that he filed Defendant's confidential information with the State of Georgia in violation of the Protective Order (*see* ECF No. 251 at 32, ll. 2-11), and his counsel stipulated that this fact was established (*id.* at 33, ll. 8-10). Thus, the Court finds there is no dispute that Plaintiff's conduct amounts to a technical violation of the Protection Order.

Plaintiff attempts to justify his disclosures by arguing that Defendant waived its claim of confidentiality. This argument lacks merit for the reasons given in the following section of this Order. Plaintiff also attempts to justify these disclosures by arguing, essentially, that he is entitled to violate the terms of the Protective Order in the interest of exposing fraud. But this argument also fails. Plaintiff has not shown the disclosing Defendant's confidential information was necessary to expose Defendant's alleged fraud. He has not shown he could not have filed the documents in a manner that preserves their confidentiality or requested that the Court lift part of the Protective Order. Nor has he cited any authority for the proposition that he may freely violate the Protective Order merely because he believes and is asserting that Defendant engaged in fraudulent conduct. Accordingly, the Court finds that Plaintiff has not established any legal justification for Plaintiff's violations of the Protective Order.

In addition, the Court notes that Defendant withdrew an earlier motion seeking to hold Plaintiff in contempt based on Plaintiff's assurances and promises to cooperate in having Defendant's confidential information removed from the public docket. (*See* ECF Nos. 207, 223.) Plaintiff even submitted an Affidavit, in August 2024, affirming that he no longer possessed and would not disclose any confidential information obtained in this lawsuit for any purpose in the future. (ECF No. 287-3, ¶¶ 2, 5.) Despite these signs of cooperation, however, Defendant's confidential information remains accessible to the public, and the fault clearly lies with Plaintiff. Accordingly, the Court finds that the following sanctions are appropriate:

(1) Plaintiff must file the motions and papers necessary to withdraw or seal all his public filings containing Defendant's confidential information on or before the close of business on July 31, 2025;

(2) Plaintiff shall pay a daily fine of $500 for every day thereafter until he is fully compliant in all courts and tribunals;

(3) Plaintiff is ordered, once again, not to file or disclose any confidential information covered under the Protective Order; and

(4) Plaintiff shall pay Defendant its attorney fees incurred in connection with enforcing its rights under the Protective Order.

To effectuate the fourth sanction, Defendant shall a supplemental fee request on or before August 15, 2025.

## VI. PLAINTIFF'S EXPEDITED RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S MAY 9, 2025, ORDER—OVERRULED

In his Expedited Objection (ECF No. 298), Plaintiff argues that Judge Chung erred by granting Defendant's Motion to Restrict Exhibit 8 to its Objections to the March 18, 2025, Order partially denying Defendant's Motion to Compel. However, Plaintiff fails to provide a valid basis for setting aside Judge Chung's May 9 Order.

8

As explained in the that Order, Defendant correctly filed Exhibit 8 as "restricted" and proceeded to file its Motion to Restrict within the fourteen-day period prescribed by the Local Rules. *See* D.C.COLO.LCivR 7.2(e). Plaintiff does not refute these findings. Instead, he argues that Defendant engaged in bad faith litigation conduct and somehow waived its right to confidentiality with respect to the Exhibit. The Court rejects these arguments. Plaintiff availed himself of the opportunity to respond to Defendant's Motion to Restrict, where he already raised the conferral issues he relies on here. (*See generally* ECF No. 289.) Nothing in the Expedited Objection demonstrates that Judge Chung's ruling was improper. Therefore, the Court overrules the Expedited Objection.

## VII.  DEFENDANT'S MOTIONS TO STRIKE—DENIED AS MOOT

Defendant has filed two Motions to Strike (ECF Nos. 292, 293), both directed at Plaintiff's omnibus response (ECF No. 289) to two Motions and the Objections filed by Defendant (ECF Nos. 283, 285, 287). Defendant argues the omnibus response (1) is not authorized under Fed. R. Civ. P. 72(a), (2) is untimely under Fed. R. Civ. P. 72(b), and (3) contains embedded motions in violation of D.C.COLO.LCivR 7.1(d). These arguments are not without merit. However, none of the arguments Plaintiff makes in his omnibus response have advanced his position in this litigation; therefore, in the interest of moving the case forward, the Court denies the Motions to Strike as moot.

## VIII.  PLAINTIFF'S REDUNDANT MOTIONS—DENIED AS MOOT

Plaintiff's three most recent Motions each appear on the docket twice. The Court addresses the most recent versions of the Motions below, and the previously filed versions of these Motions (ECF Nos. 301, 302, 303) are denied as moot.

9

IX.  **PLAINTIFF'S EMERGENCY MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA—DENIED**

In his Emergency Motion to Transfer (ECF No. 304), Plaintiff asks the Court to transfer these proceedings under 28 U.S.C. § 1404(a).  However, Plaintiffs chose this venue when they filed this case more than four years ago, and the Tenth Circuit has affirmed the judgment entered in Defendant's favor.  Although some residual matters remain involving the Protection Order and attorney fees, the case is largely over.  Having prevailed on the merits, Defendant should not be forced to relitigate this matter in perpetuity.  The Court will not order a dead horse to walk in another jurisdiction.  In short, the Court discerns no rational basis for transferring the case.

X.  **PLAINTIFF'S EMERGENCY MOTION TO DISQUALIFY DEFENDANT'S COUNSEL FOR REPEATED VIOLATIONS OF COURT RULES, BAD FAITH CONDUCT, AND PARTICIPATION IN A CRIMINAL ENTERPRISE—DENIED**

Plaintiff's Emergency Motion to Disqualify Defendant's Counsel (ECF No. 305) asserts serious allegations of criminal and ethical misconduct against Defendant's counsel, but they are not substantiated.  A licensed attorney filing such a Motion would face sanctions.  In the interest of closure, and because Plaintiff proceeds pro se, the Court simply denies this Emergency Motion without further ado.

XI.  **PLAINTIFF'S EMERGENCY MOTION TO DISQUALIFY JUDGE RAYMOND P. MOORE—DENIED**

Plaintiff's final Emergency Motion (ECF No. 306) seeks disqualification of the undersigned Senior Judge pursuant to 28 U.S.C. § 455(a) and (b).  The primary basis for this Emergency Motion is that the Court issued its Order on Defendant's Motion for Partial Summary Judgment just days after the case was reassigned following Chief Judge Brimmer's recusal.  However, Plaintiff has already appealed that Order and lost.  Plaintiff's attempt to obtain a "do-

10

over" at this stage of the case is not well taken. His disagreement with the Court's rulings is not evidence of impartiality. Moreover, his claims that this Court is biased against him or is somehow aligned with Defendant's interests are unsubstantiated, and he fails to present any cogent argument warranting recusal. Accordingly, this Emergency Motion is denied as well.

### XII. CONCLUSION

In summary, the Court rules as follows:

(1) Plaintiff's Objection (ECF No. 271) is OVERRULED;

(2) Plaintiff's Motion to Reopen (ECF No. 272) is DENIED;

(3) Defendant's Objections (ECF No. 283) are OVERRULED;

(4) Defendant's Motion for Sanctions (ECF No. 287) is GRANTED, as set forth above;

(5) Defendant's Motions to Strike (ECF Nos. 292, 293) are DENIED AS MOOT;

(6) Plaintiff's Expedited Objection (ECF No. 298) is OVERRULED;

(7) Plaintiff's Redundant Motions (ECF Nos. 301, 302, 303) are DENIED AS MOOT; and

(8) Plaintiff's Emergency Motions (ECF Nos. 304, 305, 306) are DENIED.

This case remains CLOSED.

DATED this 18th day of June, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

11